## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID SPENCER & DONNA | : | |
| SPENCER | : | |
| Individually as H/W | : | NO.: 15-6309 |
| 4719 Norwood Lane | : | |
| Tobyhanna, PA 18466 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| GENCO DISTRIBUTION SYSTEM, INC. | : | |
| 100 Papercraft Park | : | |
| Pittsburgh, PA 15238 | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW this _____ day of _____, 2016, upon consideration of

Defendant's Motion to Dismiss, and Plaintiffs' Response in Opposition thereto, it is hereby

ORDERED and DECREED that Plaintiff's Motion is DENIED.

It is further ORDERED and DECREED that Genco I, Inc. is substituted as a Defendant

herein for Defendant, Genco Distribution System, Inc., as if fully set forth at length in the

operative pleading, without more.

**AND IT IS SO ORDERED.**


_____

Berle M. Schiller                                    ,J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID SPENCER & DONNA | : | |
| SPENCER | : | |
| Individually as H/W | : | NO.: 15-6309 |
| 4719 Norwood Lane | : | |
| Tobyhanna, PA 18466 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| GENCO DISTRIBUTION SYSTEM, INC. | : | |
| 100 Papercraft Park | : | |
| Pittsburgh, PA 15238 | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS**

Incorporating by reference Plaintiff's attached Memorandum of Law, Plaintiff

respectfully requests this Honorable Court deny Defendants' Motion to Dismiss and grant

Plaintiff's cross-motion to amend.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID SPENCER & DONNA SPENCER | : | |
| Individually as H/W | : | NO.: 15-6309 |
| 4719 Norwood Lane | : | |
| Tobyhanna, PA 18466 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| GENCO DISTRIBUTION SYSTEM, INC. | : | |
| 100 Papercraft Park | : | |
| Pittsburgh, PA 15238 | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RESPONSE IN**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**I.      Plaintiff's Cross-Motion to Amend to Substitute Defendant**

Pursuant to FRCP 15, Plaintiff respectfully requests this Honorable Court's leave to substitute Genco I, Inc. for Defendant, Genco Distribution System, Inc. - consistent with the attached Proposed Order.

In short, Defendants through its Motion alleges Genco I as the proper Defendant – and Plaintiffs accept that assertion.

**II.     Standard Upon a Motion to Dismiss**

A.      Motion to Dismiss:  *Fowler* re *Twombly* and *Iqbal*[1]

**Reversing** the District Court's 12(b)(6) dismissal upon claims of insufficient specificity, the Third Circuit held the United State Supreme Court in Twombly and Iqbal (in accord with Phillips) merely requires that the Complaint "set out 'sufficient factual matter' to show that the

---

[1] *See generally*, "Simplified Pleading, Meaningful Days in Court, and Trials On The Merits:  Reflections On The Deformation of Federal Procedure," *New York University Law Review*, Vol. 88, p. 286 (April 2013).

claim is sufficiently plausible… [allowing] the reasonable inference that the defendant is liable for the misconduct alleged." <u>Fowler v. UPML Shadyside</u> - - F. 3d - -, 2009 WL 2501662 (C.A.3 (Pa) 2009) (quoting <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1955 (2009)); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007); <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230 (C.A.3 2008).

      <u>Fowler</u> reiterated the appropriate Motion to Dismiss standard, as elucidated in <u>Phillips</u>, remaining: "courts [must] accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, <u>under **any** reasonable reading of the Complaint</u>, the plaintiff *may* be entitled to relief."  <u>Fowler</u>, supra (quoting <u>Phillips</u>, at 233) (emphasis added).  "Although Fowler's Complaint is not as rich with detail as some might prefer, it need only set forth sufficient facts to support plausible claims."[2]  <u>Fowler</u> (citing <u>Twombly</u>, at 564, n.8).

      "Even post-<u>Twombly</u>, it has been noted that a plaintiff is **not required** to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation *that discovery will reveal evidence of the necessary element*.'" <u>Fowler</u>, supra; (quoting <u>Graff v. Subbiah Cardiology Associates, Ltd.</u>, 2008 WL 231 2671 (W.D. Pa. 2008) <u>Phillips</u>, at 234.  Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." <u>Montville Twp. v. Woodmont Builders</u>

---

[2]    Mr. Sharp:     It's a conclusory fact.

      Justice Breyer:  Well, it's a fact.  They sat in their view --

      Mr. Sharp:     It's a conclusion.

      Justice Breyer:  All right.  I don't know what a conclusory fact is as opposed
                       to a regular fact.

<u>Dart Cherokee Basin Operating Co. v. Owens</u>, 13-719 (S.Ct. October 7, 2014) (excerpt from transcript of oral argument).

LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting <u>Twombly</u>, at 1969).  In

fact, a Plaintiff need not plead any causes of action (merely facts with request for relief).  *See* 2

James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].

"Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper

measure of whether a complaint fails to state a claim."   <u>Fowler</u>, supra  "…[S]tandards of

pleadings are not the same as standards of proof."  <u>Id</u>.  "[A] well-pleaded complaint may proceed

even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a

recovery is very remote and unlikely."  <u>Id.</u> (quoting <u>Twombly</u>, at 556).

B.  <u>Amended Pleading</u>

A Plaintiff should be provided an opportunity to file an Amended Complaint if it appears

that the deficiencies can be corrected.  <u>Twombly</u>, supra.; *See,* 2A J. Moore, *Moore's Federal*

*Practice* ¶12.07 [2.-5], P.12-99 (2d ed. 1994); *accord*, <u>In re Spree.com Corp.</u>, 2001 WL 1518242

(Bankr. E.D. Pa. 2001).  Under this liberal pleading standard, courts should generally grant

plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See

<u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d

113, 116-17 (3d Cir. 2000).

The Court should freely give leave to amend a Complaint "when justice so requires."

FRCP 15(a)(2); <u>Fowler</u>, supra. ("we note that the District Court <u>inexplicably</u> foreclosed Fowler

from an opportunity to amend her Complaint so as to provide further specifics…" Though the

deadline for amended pleadings had not yet expired, the District Court dismissed Fowler's

Complaint with prejudice **in error**) (emphasis added).  The Court should grant Plaintiffs leave to

amend their Complaint unless futile or prejudicial, ***even if not requested***. <u>Adams v Gould, Inc.</u>,

739 F.2d 858, 868-870 (C.A.3 1984) (reversing district court denial of motion to amend a

complaint to assert a new legal theory); <u>Arthur V. Maersk, Inc.</u>, 434 F.3d 196, 204-2017 (C.A.3 2006) (reversing district court denial of motion to amend to add a new party approximately one year after initiation); <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1414 (C.A.3 1993) (finding no prejudice three years after action and two years after complaint was amended for second time); <u>Estate of Frank P. Lagano v. Bergen County Prosecutor's Office</u>, No. 13-3232 (C.A.3. 2014) (citing <u>Alston v. Parker</u>, 363 F.3d 229, 235 (C.A.3 2004)) (reversing a district court for not *sua sponte* granting leave to amend).

"Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend. <u>Lorenz</u>, *supra.* "Futility" invokes the 12(b)(6) standard upon the district court's notice of the complaint's deficiencies. <u>Davis v. Abington Memorial Hospital</u>, 765 F.3d 236, 244-245 (C.A.3 2014) (citing <u>Krantz v. Prudential Investments Fund Management, LLC</u>, 144 F.3d 140, 144 (C.A.3 2002).

C. <u>Jurisdiction</u>

Supplemental jurisdiction "**<u>must</u>**" be declined in lieu of adjudicating pendent State law claims unless consideration is provided in affirmative justification otherwise. <u>Borough of West Mifflin v. Lancaster</u>, 45 F.3d 780 (C.A.3 1995) (emphasis added); *see,* <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *see also,* <u>Annulli v. Panikkar</u>, 200 F.3d 189, 202 (3d Cir. 1999).

In adjudicating a peculiar State law question, that analysis should be left to the State Court. Burford v. Sun Oil Co., 319 U.S. 315 (1943); Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959).

       D.      Scope of Review

Only a document integral to or explicitly relied upon in the complaint may be considered without converting a motion to dismiss into one for summary judgment. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (C.A.3 1997). "[W]hat is critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." Schmidt v. Skolas, No. 13-3750 (C.A.3. October 17, 2014) (quoting Watterson v. Page, 987 F.2d 1, 3-4 (C.A.1 1993)).

       E.      Conclusion:  Standard

When applying the correct standard, Plaintiff's Complaint is sufficiently specific and Defendant's Motion should be denied. In the alternative, Plaintiff should be granted leave to amend as this Honorable Court is, respectfully, directed to allow. Otherwise, state law claims should be dismissed without prejudice to the state court.

**III.    Argument**

       *A.    Wrongful Termination*

In their Complaint, Plaintiff pleads that he was retaliated against – alternatively and separately apart from his statutory clauses - for Defendant's OSHA violations (and Plaintiff's Complaint arising therefrom). *See*, Shick v. Shirey, 716 A.2d 1231 (Pa. 1998).

Applying the appropriate standard, Plaintiff respectfully requests this Honorable Court deny Defendant's Motion to Dismiss as to Plaintiff's cause in wrongful termination.

Simply, our Rules allow a Plaintiff to plead in the alternative; and the wrongful termination clause has separate elements based upon Pennsylvania common law which would not otherwise be statutorily superseded.

In sum, while Plaintiff has pleaded Defendant's statutory violations (which were not here contested), Plaintiff should be allowed to alternatively and separately plead his common law cause a wrongful termination.

B.    *Loss of Consortium*

If this Honorable Court denies Defendant's Motion as to Plaintiff's cause in wrongful termination, Plaintiff respectfully suggests it is axiomatic that Pennsylvania's common law cause of loss of consortium necessarily derives from its common law cause in wrongful termination (as derivative). *See generally*, Pahle v. Colebrookdale Twp., 227 F.Supp.2d 361, 374-380 (M.D.Pa. 2002).

Notwithstanding, though there exists a plethora of District authority that a loss of consortium claim cannot be derivative of Plaintiff's statutory claims, that authority is not apposite (i.e., interpreting non-instant state law) as well as non-binding upon this Honorable Court (i.e., neither the Third Circuit nor United States Supreme Court has directly held loss of consortium not derivative of all of Plaintiff's federal statutory claims; and the Pennsylvania Supreme Court has not held likewise with regard to Plaintiff's state law statutory claim). Indeed, the District Courts so concluding in favor of Defendant's argument merely cite each other as precedent – which each District Court is respectfully obligated to conduct its own independent review (which is respectfully requested).

By analogy, though there are many district opinions that hold that similar civil rights statutory causes do not enable a loss of consortium claim, those overbroad holdings have also

been rejected.  <u>Kelson v. Springfield School District No. 19</u>, 767 F.2d 651 (C.A. 9 1985); <u>Mattis v. Schnarr</u>, 502 F.2d 588 (C.A.8 1974); <u>Robinson v. L. J. Johnson</u>, 975 F. Supp. 950, 951 (S.D. Tex. 1996); *see*, <u>Sharpe v. Green Spring Dairy, Inc.</u>, 911 F. Supp. 172, 173-174 (D.C.Md. 1994); <u>Hayes v. Vessey</u>, 578 F. Supp. 690 (E.D. Mich. 1984), *Rev'd on other grounds,* 777 F. 2d 1149 (C.A. 6 1985); *see generally*, <u>Brazier v. Cherry</u>, 293 F.2d 401 (C.A. 5 1961).

Loss of consortium is derivative of the wrongful termination clause.  In the alternative, loss of consortium is derivative of the statutory clauses. <u>Curato v. Saluti</u>, 2000 WL 1974, *8 (E,D,Pa. 1999); <u>Nowosad v. Villanova Univ.</u>, 1999 WL 744017, *3 (E.D.Pa. 1999).

WHEREFORE, Plaintiff respectfully requests this Honorable Court deny Defendant's Motion to Dismiss and grant Plaintiff leave to amend – consistent with the attached proposed order.

**WEISBERG LAW**

<u>/s/ Matthew B. Weisberg</u>
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID SPENCER & DONNA | : | |
| SPENCER | : | |
| Individually as H/W | : | NO.: 15-6309 |
| 4719 Norwood Lane | : | |
| Tobyhanna, PA 18466 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| GENCO DISTRIBUTION SYSTEM, INC. | : | |
| 100 Papercraft Park | : | |
| Pittsburgh, PA 15238 | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 13th day of April, 2016, a true and correct copy of the foregoing Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss and Memorandum of Law in Support thereof were served via ECF, upon the following parties:

Stephanie Jill Peet, Esquire
Jackson Lewis P.C.
1601 Cherry Street
Three Parkway
Philadelphia, PA 19102-1317

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs